# UNITED STATES DISTRICT COURT

Middle        DISTRICT OF     Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA <br> V. <br> Josh Holly | CRIMINAL COMPLAINT <br><br> Case Number: <br><br> **10 - 2106   MK** |

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief.  On or about _____October 2008_____ in _____Davidson_____ County, in

(Date)

the _____Middle_____ District of _____Tennessee_____ defendant(s) did,

(Track Statutory Language of Offense)

knowingly and with intent to defraud possess 15 or more unauthorized access devices, that is, credit card account numbers belonging to other persons, affecting interstate commerce.

in violation of Title _____18_____ United States Code, Section(s) _____1029(a)(3)_____ .

I further state that I am a(n) _____FBI Special Agent_____ and that this complaint is based on the

Official Title

following facts:

See Attachment A:  Sworn Statement of Facts, a part hereof

Continued on the attached sheet and made a part of this complaint:    ☒ Yes    ☐ No

_____
Signature of Complainant

Victor Rodriguez
_____
Printed Name of Complainant

Sworn to before me and signed in my presence,

12/2/2010
_____
Date

at

Nashville          Tennessee
_____
City                     State

E. Clifton Knowles          U.S. Magistrate Judge
_____  _____
Name of Judge          Title of Judge

_____
Signature of Judge

CRIMINAL COMPLAINT NO. _____
ATTACHMENT A:
SWORN STATEMENT OF FACTS

The affiant herein is Victor Rodriguez, a Special Agent with the Federal Bureau of Investigation (FBI) who being first sworn states as follows:

I have been employed by the FBI for approximately five years. My training, experience and current duties include the investigation of crimes involving the Internet; the use of computers to commit crimes; computer intrusion; and related fraudulent activity. Based on the facts set forth below, I have probable cause to believe that Josh Holly has violated Title 18 U.S.C. §1029(a)(3) by knowingly possessing more than 15 unauthorized access devices, that is, credit card account numbers that belonged to others, with intent to defraud.

1. I have been investigating Joshua Holly for various offenses involving computer intrusion and use of the Internet to perpetrate frauds, since 2008. I know from informants, fellow investigators, Internet security personnel and other publicly accessible sources, that Holly has boasted of his ability to gain unauthorized access to and obtain information from computer systems, due to his technical skills and his facility to deceive others. In October 2008, I collected sufficient facts to obtain a federal search warrant to collect evidence of such criminal conduct from Holly's residence in this district, in case number 08-2027 MK. Various pieces of computer and data storage equipment were located and seized pursuant to that warrant. Holly was present during that search, and agreed to speak with investigators. He acknowledged that the seized computer equipment was his; admitted his involvement in assorted computer intrusion conduct; and further, admitted that he had considered engaging in fraudulent credit card activity.

2. A supplemental federal warrant was obtained in January 2009 in case number 09-2011 MK, which authorized the forensic search of the electronic contents of, and all data stored within, the computer equipment previously seized from Holly pursuant to the prior search warrant. That forensic exam disclosed Holly's electronic storage of approximately 200 credit card account numbers, and names and other identifying data that corresponded with the persons to whom the cards had been issued. A review of this information indicates that none of the card numbers had been issued to Holly. Contact was made with a random selection of 20 of these cardholders, who lived in various states other than Tennessee. None of these cardholders had authorized Holly to possess or use their credit card accounts, and several further advised that their accounts had been fraudulently debited.

3. In addition to the credit card numbers, stored "chat logs" depicting Internet communication between Holly and others, were also disclosed. These communications indicated that Holly had electronically corresponded with others about acquiring credit card numbers that belonged to other persons, from suppliers who were able to obtain such numbers; making purchases using the numbers; and sending some of the items obtained thereby to those who supplied the numbers, as payment for supplying the numbers.

4. Additional forensic analysis of computer equipment taken from Holly indicates that he made entries of credit card numbers and corresponding identities relating to at least three of the credit card numbers stored in his computer, with respect to what appear to be credit card purchases via the Internet. In subsequent Internet "chat logs," Holly reports to other persons that he has engaged in such transactions. Based on the foregoing, Holly went further than just considering or discussing the acquisition of unauthorized credit card account numbers. He actually acquired a quantity of such numbers, and used or attempted to use such numbers to fraudulently obtain goods.

5. I know from training and experience, and the review of Holly's computer contents, that Internet communication takes place in interstate commerce; that the fraudulent acquisition of batches of credit card numbers is generally accomplished via the Internet and interstate wire communication; that Holly likely obtained the credit card numbers described above, via the Internet; and that Internet purchases involving credit cards invariably impact interstate commerce. I therefore have probable cause to believe that in October 2008, Josh Holly knowingly possessed more than 15 unauthorized access devices with intent to defraud, thereby affecting or intending to affect interstate commerce.

6. Holly's current whereabouts are unknown, but his family resides in this district and I have reason to believe that he is likely to return for the upcoming holidays. Though the investigation of additional computer related crimes by Holly continues and further charges are likely, the investigation of the instant matter is largely complete. This warrant is sought so that Holly may be apprehended on the instant charges, when the opportunity presents itself.

Victor Rodriguez, FBI

Sworn to and subscribed before me
this 2nd day of December, 2010.

United States Magistrate Judge